UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMSA NEAL MULLINS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-03939-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER**<br><br>Docket No. 61 |

　　　　Currently pending before the Court is Plaintiffs' motion to reconsider. Specifically, Plaintiffs ask the Court to reconsider that part of its order on Defendants' motions to dismiss in which it dismissed *with* prejudice (1) the LMRDA claim and (2) the state law wage claims. Having considered the parties' briefs, the Court finds the matter suitable for resolution without oral argument. Plaintiffs' motion to reconsider is **DENIED**.

## I.　　DISCUSSION

A.　　Claim for Violation of the LMRDA (Count 2)

　　　　The LMRDA claim is pled against the Union Defendants only. In their complaint, Plaintiffs alleged that the Union Defendants violated the LMRDA because Plaintiffs asked the Union Defendants for a copy of the collective bargaining agreement ("CBA") but the Union Defendants failed to provide a copy. As the Court noted in its order, Plaintiffs' specific concern was the failure to provide a copy of the *Cost Model*; according to Plaintiffs, the Cost Model was part of the CBA. *See* Docket No. 59 (Order at 24) ("Implicitly, the Union Defendants violated [the LMRDA] when they failed to provide a complete copy of the CBA to Plaintiffs – *i.e.*, including the Cost Model."); Compl. ¶ 56 ("LOA #29, Section 1, subsection (j), . . . clearly states

that once the Cost Model is agreed to, it will be attached to the CBA as Exhibit A.").

The Court dismissed the LMRDA claims for two reasons: (1) the Cost Model was not, in fact, part of the CBA, and (2) the LMRDA claim was time barred. The Court further found that amendment would be futile and thus dismissed with prejudice. *See* Docket No. 59 (Order at 24-25).

Plaintiffs argue that the Court's rulings were manifestly unjust. The Court does not agree.

On (1), Plaintiffs essentially argue that the Cost Model was a part of the CBA because it was an agreement entered into by the parties and, under the Office of Labor Management Standards ("OLMS") Interpretive Manual (to which the Court should afford deference), such an agreement becomes a part of the CBA. *See* Mot. at 8 (arguing that "the Cost Model was created through the collective bargaining process and it derives its scope and significance from the CBA, and its terms agreed to by the union following negotiation"). The relevant part of the Interpretive Manual provides as follows:

> 110.300 "AGREEMENT" INCLUDES CHANGES
> The question as to what components comprise a collective bargaining agreement depends upon several factors in each individual case. In addition to the basic agreement, any subsequent agreement or amendment, oral or written, which modifies the basic agreement becomes a part of the collective bargaining agreement. Furthermore, all agreements which are incorporated by reference into the basic working agreement become a part of it.

https://www.dol.gov/agencies/olms/compliance-assistance/interprative-manual/100-member-rights (last visited 4/10/2024); *see also* Compl. ¶ 124-25 (quoting from the above provision).

In its prior order, the Court explained why the Cost Model was not incorporated by reference into the CBA (including LOA #29 which was undisputedly part of the CBA). *See* Docket No. 59 (Order at 20-21). Plaintiffs' suggestion here that the Cost Model was a "subsequent agreement" that modified the CBA also lacks merit. That the Cost Model was to be agreed upon by economic experts from United and Teamsters does not establish that the Cost Model was a collectively-bargained agreement between United and the union. Finally, Plaintiffs' contention that the Court relied on representations made by the Union Defendants about the nature of the Cost Model (*i.e.*, being proprietary and confidential) at the hearing is unsubstantiated.

1   Indeed, whether or not the Cost Model was proprietary and confidential would have no bearing on
2   whether it was part of the CBA.
3         Because the Court does not find manifest injustice on (1), it need not address (2).  In other
4   words, futility on (1) is a sufficient basis for dismissal of the LMRDA claim with prejudice.
5   However, on (2) as well, there is no manifest injustice.  The LMRDA claim was time barred based
6   on the face of the complaint.  *See* Compl. ¶ 43 (alleging that "Plaintiffs and the Proposed Class
7   began asking for the 'Cost Model'" and that a response to these requests was given in 2018).
8   Plaintiffs' counsel's equivocation at the hearing on the motion to dismiss does not establish
9   otherwise, nor does it support a lack of futility.  *See* Docket No. 60 (Tr. at 32) ("[T]he gist of
10  paragraph 43 is that they have, as a group, been asking.  These particular plaintiffs have never
11  asked for this before until February and March of 2023, which we, you know, provided evidence
12  for.").  This is especially true given that (as the Union Defendants note) the complaint also alleges
13  that Plaintiffs were effectively told, in or about December 2022, that the Cost Model would not be
14  given to them.[1]  *See* Compl. ¶ 50.

B.  <u>State Law Wage Claims (Counts 6-10)</u>[2]

16        The Court dismissed the state law wage claims asserted against the United Defendants on
17  the basis that the claims were preempted by the RLA – specifically because the claims required
18  interpretation of the CBA and LOA #29.  *See* Docket No. 59 (Order at 38).  This ruling was not
19  manifestly unjust.  Contrary to what Plaintiffs argue, the Court did apply the RLA preemption test
20  as provided for in *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) (en banc).  *See*
21  Docket No. 59 (Order at 36-38) (adopting the reasoning on the fraud claim for the state law wage

---

[1] The complaint refers to December 2023, not 2022; however, that is obviously an error since the complaint itself was filed in *August* 2023.

[2] In their motion to reconsider, Plaintiffs suggest that the United Defendants only moved to dismiss Counts 6-8, and not Counts 9-10 as well.  It is true that the United Defendants' motion to dismiss specifically referenced only Counts 6-8 (plus Count 5) on two pages.  *See* Docket No. 35 (Mot. at 14, 16).  However, it is clear that the United Defendants intended to encompass all state law wage claims, including Counts 9 and 10, since they asked for a dismissal of the complaint in its entirety.  *See* Docket No. 35 (Mot. at 16).  Furthermore, Counts 9 and 10 (claims for a violation of PAGA and California Business & Professions Code § 17200) are essentially claims derivative of the other state law wage claims (Counts 6-8).

3

claims). And it is clear that the state law wage claims required interpretation of the CBA and/or LOA #29 because additional wages would be owed only if Plaintiffs' interpretation of these agreements were adopted.

To the extent Plaintiffs cite authorities holding that a PAGA claim or a Labor Code claim was not preempted, those authorities are distinguishable as they did not require interpretation of a CBA. *See Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1244 (9th Cir. 2021) (holding that "resolution of their claims does not require interpretation of the CBAs" because "a court will simply need to examine the wage statements plaintiffs received from United to determine if the statements comply with the requirements of § 226[;] [a] court will not need to interpret the meaning of any terms of the CBAs to determine whether the wage statements include United's name and address or an itemized statement of the hours worked and the applicable hourly rates"); *Medina v. United Airlines, Inc.*, No. B293677, 2021 Cal. App. Unpub. LEXIS 5463, at *14 (Cal. Act. App. Aug. 24, 2021) (holding that PAGA claim was not preempted because, although "the factfinder may consider, refer to, or apply some of the CBA provisions, the determination of whether Medina and similar employees were provided their second meal breaks will turn on an interpretation of California law, not the CBA") (internal quotation marks omitted).

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to reconsider is denied. Consistent with the Court's prior order, *see* Docket No. 63 (order), Plaintiffs shall file their amended complaint within two weeks.

This order disposes of Docket No. 61.

**IT IS SO ORDERED**.

Dated: April 11, 2024

_____
EDWARD M. CHEN
United States District Judge

4