1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7     THOMAS NEAL MULLINS, et al.,              Case No.  23-cv-03939-EMC

8                      Plaintiffs,

9              v.                               **ORDER DENYING PLAINTIFFS'
                                                MOTION FOR LEAVE TO FILE
10    INTERNATIONAL BROTHERHOOD OF              MOTION FOR RECONSIDERATION**
      TEAMSTERS, et al.,
11                                              Docket No. 95
                     Defendants.

12

13

14        The Court has received and reviewed Plaintiffs' motion for leave to file a motion for

15   reconsideration.  No response need be filed.  *See* Civ. L.R. 7-9(d) (providing that, "[u]nless

16   otherwise ordered . . . , no response need be filed and no hearing will be held concerning a motion

17   for leave to file a motion to reconsider").  The motion is **DENIED** because Plaintiffs have failed

18   to meet any of the requirements set forth in Civil Local Rule 7-(b).  The Court notes that, to the

19   extent Plaintiffs argue that they should still be allowed to seek attorneys' fees for their RLA

20   statutory due process claim, the Court's order did not address the issue of attorneys' fees.  The

21   Court simply held that there was no right to damages.

22        As for Plaintiffs' motion for clarification, the Court notes as follows.

23        • The Court did not make any factual finding regarding the number of steps in the

24           grievance process.  The Court did not have to discuss any steps beyond the Third

25           Step because the dispute between the parties was whether Plaintiffs should have

26           been allowed to individually grieve at the Third Step.  The Court acknowledges

27           that the CBA contains the following provision: "The System Board [of Adjustment]

28           shall render a decision no later than thirty (30) calendar days after it has closed the

record in the hearing of the case.  If the Board deadlocks, the Union may appeal the case to arbitration."  CBA, art. 19, ¶ D.2.  The Court has not adjudicated anything more than what was stated in the order – individuals can grieve at the Third Step. Should further dispute arise regarding the right of individuals to pursue additional grievance steps, the parties shall submit a joint letter to this court explaining the dispute.

- The Court's dismissal of the claims against the Union Defendants – both Teamsters *and* Local 986 – stand.  Although the Union Defendants argued that Local 986 should also have been dismissed because it was not the exclusive bargaining representative, the Court did not view that argument as a concession that Plaintiffs' claims were otherwise viable against the local union.

- The claims for breach of contract and interference with the designated representative (asserted against the United Defendants only) are dismissed *with* prejudice.  The Court previously gave Plaintiffs an opportunity to correct the deficiency with the claim for breach of contract.  They failed to do so; thus, further amendment is not warranted.  Amendment of the interference claim would be futile.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

- Plaintiffs have misread the Court's statement at page 31 of the order.  *See* Docket No. 91 (Order at 31) ("What Plaintiffs ignore is that the Cost Model is fundamentally related to LOA #29, which is undisputedly part of the CBA.").  The LOA is undisputedly part of the CBA.  The Court has consistently held that the Cost Model is not part of the CBA, nor is it an agreement.  *See* Docket No. 91 (Order at 31) ("Plaintiffs protest that there is a major dispute here because the Court previously held that the Cost Model is not part of the CBA.  They characterize the Cost Model as an agreement independent of the CBA.  But the Cost Model is not an agreement.  It is an economic model.  That United and union experts had to agree on what that model would entail does not make the Cost Model itself an agreement.  It was a tool to be used in carrying out and implementing the CBA and LOA #29.").

This order disposes of Docket No. 95.

**IT IS SO ORDERED**.

Dated: April 15, 2025

_____
EDWARD M. CHEN
United States District Judge

3