1  Jane C. Mariani (SBN 313666)
   jcm@marianiadvocacy.com
2  LAW OFFICE OF JANE C. MARIANI
   584 Castro Street, #687
3  San Francisco, CA 94114
   Tel.: (415) 203-2453
4
   *Attorney for Plaintiffs*
5  THOMAS NEAL MULLINS
   JOHN R. SCHOLZ, III
6

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

11

12 THOMAS NEAL MULLINS, an individual; | Case No. 3:23-CV-03939-EMC
   JOHN R. SCHOLZ, III, an individual; on
13 behalf of themselves and all others similarly | **PLAINTIFFS' OPPOSITION TO THE**
   situated, | **DEFENDANTS' MOTION TO CERTIFY**
14 | **PART OF THE MARCH 13, 2025 ORDER**
   Plaintiffs, | **FOR AN INTERLOCUTORY APPEAL.**
15
   v. |
16 | *Assigned to the Honorable Edward M. Chen*
   INTERNATIONAL BROTHERHOOD OF
17 TEAMSTERS, a labor organization;
   TEAMSTERS LOCAL 986, a labor | Hearing Date: May 22, 2025
18 organization; UNITED AIRLINES, INC., a | Hearing time: 1:30 p.m.
   Delaware corporation; UNITED AIRLINES | Hearing Place: Courtroom 5, 17th Fl. (Via Zoom)
19 HOLDINGS, INC., a Delaware corporation,

20 Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Thomas Neal Mullins and John R. Scholz, III (hereinafter, "Plaintiffs"), by and through their counsel of record, hereby oppose the motion for an order certifying the part of the Court's March 13, 2025 Order, s*ee* ECF No. 91 (hereinafter, "Order"), for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), denying Defendants, International Brotherhood of Teamsters, Teamsters Local 986, United Airlines, Inc., and United Airlines Holdings, Inc. ("Defendants"), motions to dismiss Count V of the operative complaint and aver as follows.

**INTRODUCTION**

Generally speaking, an appeal may only be taken from decisions that are "final." *See* 28 U.S.C. § 1291. Accordingly, a party must raise all their claims of error in a single appeal following a final judgment. Flanagan v. United States, 465 U.S. 259, 263 (1984). This final-judgment rule is fundamental to our legal system. *See* McLish v. Roff, 141 U.S. 661, 665-66 (1891). Denials of motions to dismiss are not final orders, and a losing party may not ordinarily pursue an immediate appeal from them. Nevertheless, a court may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) the order "involves a controlling question of law," (2) "a substantial ground for difference of opinion" exists with regard to the issue involved, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Couch v. Telescope Inc., 611 F.3d 629, 632-633 (9th Cir. 2010) (party moving to certify order for interlocutory appeal bears burden of demonstrating that statutory requirements are met); *see also* In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981). The certification decision rests with the discretion of the district court, and the court may decline to certify an order even if a party has satisfied all elements enumerated in the statute. Juliana v. United States, 949 F.3d 1125, 1126-1128 (2018) (*citing* Couch, at 632) (Friedland, J., *dissenting*).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Furthermore, generally rulings on the sufficiency of pleadings are not appropriate for certification for interlocutory review. Santiago v. Pinello, E.D.N.Y.2009, 647 F.Supp.2d 239. The Ninth Circuit additionally requires "exceptional circumstances exist." United

1

1  States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (§ 1292(b) certifications should be
2  "applied sparingly and only in exceptional cases."); *see also* In re Cement Antitrust Litig., 673 F.2d
3  1020, 1026 (9th Cir. 1981) (certification for interlocutory appeal should be applied sparingly and
4  only granted in "exceptional situations in which allowing an interlocutory appeal would avoid
5  protracted and expensive litigation"); Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (a
6  party must show "exceptional circumstances justify a departure from the basic policy of postponing
7  appellate review until after the entry of a final judgment").

In the present case, the Order correctly denies Defendants' motions to dismiss Count V, violation of statutory due process pursuant to Railway Labor Act (the "RLA") Section 204, 45 U.S.C. § 184, of Plaintiffs' Second Amended Complaint ("Complaint"), finding the Complaint plausibly alleges deprivation of the mandated statutory grievance process under RLA § 184. Defendants now seek an order from this Court certifying this finding for interlocutory appeal. Def Mot. 1. Defendants contend all elements have been met for this Court to certify an interlocutory appeal. Plaintiffs disagree. Not only does this case not pose the exceptional circumstances to warrant such review, the controlling question of law proposed by the Defendants is so inextricable intertwined with the facts, including disputed facts, that it is inappropriate for review. Furthermore, Defendants have not met their burden to show that there is/are "substantial grounds for difference of opinion," as Defendants have merely asserted that the issue is one of first impression, and there is disagreement amongst the circuits, in a conclusory fashion, without any evidence that such a difference of opinion exists. Accordingly, because Defendants fail to establish all of the necessary prerequisites for certification, Defendants' motion for an interlocutory appeal should be denied.

**ARGUMENT**

**A.     The issue is not purely a question of law but is inextricably intertwined with the facts.**

Certification is only appropriate where the disputed issue is one of law, not fact. Williams v. Alameda Cnty., 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023) citing ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union, 22 F.4th 1125, 1131-1132 (9th Cir. 2022). A "controlling question of law" under § 1292(b) exists only when the issues involve a pure question of law rather than a mixed question of law and fact or the application of law to a particular set of facts. Id. Indeed, the

2

1  Ninth Circuit defines "controlling question of law" as one for which "resolution ... on appeal could
2  materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673
3  F.2d 1020, 1026 (9th Cir. 1981). But it is not controlling simply because its immediate resolution
4  may promote judicial economy. Id. at 1027. While Defendants try to frame this as strictly a question
5  of law, the question posed actually involves law and fact inextricably intertwined. Whether
6  individual employees have a right to submit their grievances to arbitration under RLA Section 204,
7  45 U.S.C. § 184, could be a question of statutory interpretation but Defendants states the question
8  is whether the Plaintiffs have the right to submit their grievance to arbitration over the objection of
9  their certified collective bargaining representative where the union is afforded the exclusive right
10 under the applicable collective bargaining agreement to advance grievances to arbitration according
11 to the parties CBA. This question involves specific factual findings that are not in the record at this
12 time as Defendants seek this interlocutory appeal after an order denying their motions to dismiss.

**B.      The second element - "substantial ground for difference of opinion" – is not met.**

Defendants argue the requirement that a "substantial ground for difference of opinion" with respect to the "controlling question of law," is "plainly satisfied here" because there is not any controlling authority on this legal question and because the Court acknowledged "there [is] a split of authorities as to whether an airline employee has the right to individually grieve before the system board of adjustment." Neither is argument is sufficient.

A substantial ground for difference of opinion exists when controlling authority fails to resolve a pivotal matter. "To demonstrate 'a substantial ground for difference of opinion' on a question for § 1292(b) certification, a party must show more than its own disagreement with a court's ruling." Marshall v. City of Portland, No. CV-01-1014-ST, 2004 WL 1774532, at *5 (D. Or. Aug. 9, 2004) (citation omitted). The moving party must demonstrate that a particular decision is in active conflict with decisions by other judicial bodies. Defendant has not established the Court's decision in this case conflicts with the decisions of other courts. Defendants merely restate their own conclusions in their motions to dismiss, as well as recite a statement made by the Court in the Order. Defendants completely fail to articulate any meaningful disagreement in the Ninth Circuit or between the circuits as is required.

1    "[C]ourts must examine to what extent the controlling law is unclear." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. Nevertheless, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Couch, at 634 (quotation omitted). The fact that the parties themselves disagree as to the interpretation of persuasive authority does not constitute "a difference of opinion" sufficient to warrant certification of an interlocutory order for immediate appeal. Williston v. Eggleston, 410 F.Supp.2d 274 (S.D.N.Y. 2006). Nor does disagreement among courts outside the circuit establish "substantial ground for difference of opinion" required to support interlocutory appeal. Ryan, Beck & Co., LLC v. Fakih, 275 F.Supp.2d 393 (E.D.N.Y.2003).

Defendants do not provide a basis to make an analysis here other than to state that the court stated there could be a difference of opinion on this. Normally, a party argues that the order differs with cases from the Supreme Court, Circuit Courts of Appeal, and District Courts, most of which this Court considered and distinguished in its order. No such argument is made here. Plaintiffs contend, and this Court appears to agree, this Court's order did not conflict with any in circuit cases or any Supreme Court opinions. In the absence of a conflict, according to Plaintiffs, there is no "substantial ground for difference of opinion" per Couch, 611 F.3d at 633-34. No fair-minded jurist could come to an opposite conclusion when faced with the same question, even without conflicting authority directly speaking to the question. Congress, in creating the RLA, specifically provided access to RLA-employees to this process as an alternative to federal courts. Congress wanted these employees to bring their disputes in a very particularized fashion, i.e., before a neutral arbitrator in tribunals set up by the parties, not strip them of their constitutional rights to due process and a fair hearing. The statute cannot be read any other way. Even if the Court could review facts specific to the CBA, any CBA provision contrary to the RLA statutory dictates would be invalid and struck. See Int'l. Ass'n. of Machinists, et al. v. Central Airlines, Inc., 372 U.S. 682 (1968).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY PART OF THE MARCH 13, 2025 ORDER FOR INTERLOCUTORY APPEAL – CASE NO. 3:23-CV-03939-EMC

Second, while there is no split of authority amongst the courts in this circuit, *see e.g.*, Stevens v. Teamsters Local 2707, Airline, Aerospace & Allied Emps., 504 F. Supp. 332, 334 (W.D. Wash. 1980) and Wood v. Int'l Bhd. of Teamsters, No. 3:24-cv-00053-SLG, 2025 U.S. Dist. LEXIS 18481 (D. Alaska Feb. 3, 2025), any perceived split of authority amongst the other circuit courts (Defendants have not identified any) reflect decisions based on a different section of the RLA, section 153, and not section 184. Where section 184 has been interpreted, the courts are in alignment and find that an individual employee has the right to access the mandated grievance process individually. More fundamentally, the presence of a single, non-binding, opinion by an out of circuit court, Martin v. Am. Airlines, 390 F.2d 601 (8th Cir. 2004), is not a "substantial" ground for disagreement as to the controlling law, particularly where that court was interpreting the application of section 103 of the RLA, 45 U.S.C. § 153, to air carrier employees. There is no dispute in this case that section 103 of the RLA, 45 U.S.C. § 153, does not apply.

Last, while courts will find substantial ground for difference of opinion exists where the court of appeals of the circuit has not spoken on the point, this is not decisive. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). It is well settled that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2d Cir.1996) (*citations omitted*).

**C.    Certification "may materially advance the ultimate termination of the litigation" but "exceptional circumstances" that are required do not exist.**

There is no real dispute in the present case that immediate appellate review could resolve this part of the lawsuit; however, what would result is Plaintiffs' right to appeal the other findings in this case that are not appropriate for interlocutory appeal. Therefore, the case would continue as Plaintiffs would exercise their appeal rights. A decision by this Court to deny certification at this stage would have no detrimental impact on Defendants' ability to later seek an appeal of the final decision under § 1291, which is the normal procedure for seeking review. Nor are Defendants prejudiced by having to take this case to trial or by having to use the standard appeals process used by all other litigants after the case finally receives a decision on the merits. The Supreme Court has repeatedly emphasized the limited scope interlocutory appeals should play, explaining that they

5

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY PART OF THE MARCH 13, 2025 ORDER FOR INTERLOCUTORY APPEAL – CASE NO. 3:23-CV-03939-EMC**

1  should "never be allowed to swallow the general rule that a party is entitled to a single appeal."
2  Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009) (internal citations omitted). It would
3  be a waste of judicial resources to now grant certification without any development of the factual
4  record on the merits of the case, simply for the litigation to be later returned to this Court. If
5  Defendants remain convinced there are important questions of law that require resolution,
6  Defendants can raise those issues on appeal, like all other litigants, but with the benefit of a fully
7  developed factual record. "It must be remembered that interlocutory review is the child of necessity.
8  Given the availability of post-trial appellate review of district court orders …, there is no need for
9  interlocutory review." United States v. Eccles, 850 F.2d 1357, 1362 (9th Cir. 1988).

## IV.   CONCLUSION

Certification for interlocutory appeal should be applied sparingly and only granted in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981). *See also* United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (§ 1292(b) certifications should be "applied sparingly and only in exceptional cases."). This federal law giving courts of appeals jurisdiction of appeals from orders not otherwise appealable if a district judge is of the opinion that the order involves controlling question of law and that immediate appeal might materially advance the ultimate termination of litigation is to be used only in extraordinary cases where decision might avoid protracted and expensive litigation, not merely to provide review of difficult rulings in hard cases. U.S. Rubber Co. v. Wright, 359 F.2d 784 (9th Cir. 1966). These "exceptional circumstances" do not exist here. Accordingly, for the reasons stated above, the Plaintiffs request the Court deny the motion to certify an interlocutory appeal.

Respectfully submitted,

Dated:   April 25, 2025          LAW OFFICE OF JANE C. MARIANI

By:   /s/ Jane C. Mariani
       JANE C. MARIANI,

*Attorney for Plaintiffs*
THOMAS NEAL MULLINS
JOHN R. SCHOLZ, III

## CERTIFICATE OF ELECTRONIC SERVICE

I, Jane C. Mariani, hereby certify that on April 25, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of electronic filing to the CM/ECF registrants for this case.

Dated:   April 25, 2025          LAW OFFICE OF JANE C. MARIANI

By:   /s/ Jane C. Mariani
         JANE C. MARIANI,

*Attorney for Plaintiffs,*
THOMAS NEAL MULLINS
JOHN R. SCHOLZ, III

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY PART OF THE MARCH 13, 2025 ORDER FOR INTERLOCUTORY APPEAL – CASE NO. 3:23-CV-03939-EMC**