UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMSA NEAL MULLINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., <br><br> Defendants. | Case No. 23-cv-03939-EMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL** <br><br> Docket No. 96 |

Currently pending before the Court is the United Defendants and Union Defendants' joint motion to certify for an interlocutory appeal. Having considered the parties' briefs as well as the oral argument of counsel, the Court hereby **GRANTS** the motion for certification.

The governing statute is 28 U.S.C. § 1292(b). Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law as to which [2] there is substantial ground for difference of opinion and that an immediate appeal from the order may [3] materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Here, the United Defendants and the Union Defendants argue that an interlocutory appeal is appropriate because this Court's 12(b)(6) order, *see* Docket No. 91 (order), ruled in favor of Plaintiffs on their statutory due process claim (brought pursuant to the Railway Labor Act

("RLA")). Specifically, the Court held that the RLA does provide a right to an individual to individually grieve even if the union does not wish to pursue the grievance. Defendants contend that this is a controlling question of law as to whether there is substantial ground for difference of opinion and that an immediate appeal to address this issue will materially advance the ultimate termination of the litigation.

The Court agrees with Defendants. First, the issue above is a controlling question of law. *See* 19 Moore's Fed. Prac. – Civ. § 203.31[2] (noting that one example of a controlling question of law is "whether a claim exists as a matter of law"). Plaintiffs have failed to explain why the issue is not purely legal in nature.

Second, there is clearly a substantial ground for difference of opinion as to whether the RLA gives individuals the right to individually grieve. As this Court expressly recognized in two of its orders, other courts have reached differing opinions on the issue. This includes circuit court disagreement, and the Ninth Circuit has yet to express an opinion on the matter. *See* Docket No. 59 (Order at 26-27) (stating that "[c]ourts have reached different conclusions as to whether § 184 . . . gives individual employees (and not just the union) the right to take a grievance to the appropriate adjustment board"; citing both circuit and district court decisions, including decisions from the Eleventh and Eighth Circuits which reached different conclusions); *see also* Docket No. 91 (Order at 25) (taking note of two recent district court cases – issued in January and February 2025 – that reached different conclusions). Even if there were just conflicting district court decisions (and no opinion on the matter from the Ninth Circuit), that could still be enough to demonstrate a substantial ground for difference of opinion. *See Parker v. Cnty. of Riverside*, No. EDCV 21-1280 JGB (KKx), 2022 U.S. Dist. LEXIS 111195, at *6-7 (C.D. Cal. May 5, 2022) (noting that the Ninth Circuit had not "definitively resolved" the issue and that "this Court's JMOP Order reached a contrary conclusion from that of at least six other district court decisions within the Ninth Circuit on the issue that Defendants seek to certify, further establishing that there exists a substantial ground for difference of opinion on the issue"); *see also Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (indicating that "identification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement") (internal

2

quotation marks omitted).

Finally, an interlocutory appeal would materially advance the litigation. Plaintiffs' entire lawsuit would be dismissed if the Ninth Circuit were to disagree with this Court on its ruling that individuals have a right to individually grieve under the RLA. (This is because the Court has already issued rulings dismissing all other claims brought by Plaintiffs. In other words, the RLA statutory due process claim is the only claim that survived the 12(b)(6) challenge.) Plaintiffs admit as much.

The Court therefore concludes that certification of an interlocutory appeal is appropriate. It acknowledges, however, that Plaintiffs are correct that § 1292(b) provides for an interlocutory appeal of "an order," and not, *e.g.*, an issue within that order. 28 U.S.C. § 1292(b). The Court's 12(b)(6) order addressed not only the RLA statutory due process claim but a number of other claims brought by Plaintiffs. Thus, Plaintiffs could ask the Ninth Circuit to address the other claims that this Court dismissed even though those claims do not involve controlling questions of law.

Recognizing such – and the fact that the RLA statutory due process claim is the only claim left in this case at this juncture – the Court asked the parties at the hearing on Defendants' motion whether it would be simpler just to proceed with a final judgment (*i.e.*, a dismissal of all claims except for the RLA statutory due process claim for which the Court would issue a declaration that Plaintiffs "have the statutory right to access and complete the grievance process independently," Compl. ¶ 312) – after which the parties could then take a "regular" appeal. But there appear to be several obstacles to proceeding in this fashion. For example, the Court's ruling on the RLA statutory due process claim was made in the context of a Rule 12(b)(6) motion, not a summary judgment or even a Rule 12(c) motion. No answers have been filed yet. Also, Plaintiffs have technically asserted not just individual claims but also class claims (including on the RLA statutory due process claim) and no class certification proceeding has taken place yet. There may also be contention as to the form of the final judgment and the specificity of any injunctive relief. In short, to get to a final judgment in this case will still take some time but the litigation could be materially advanced if the Ninth Circuit were to opine on an interlocutory appeal that the RLA

3

statutory due process claim is not even viable as a legal matter.

For the foregoing reasons, the Court **GRANTS** Defendants' motion to certify for an interlocutory appeal. The Court further **STAYS** proceedings in this case pending a decision from the Ninth Circuit as to whether it will accept the case for an interlocutory appeal. The parties are ordered to file a status report within one week after the Ninth Circuit issues its decision on whether to accept the interlocutory appeal.

This order disposes of Docket No. 96.

**IT IS SO ORDERED**.

Dated: May 23, 2025

_____
EDWARD M. CHEN
United States District Judge