CHRIS A. HOLLINGER (S.B. #147637)
chollinger@omm.com
ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
MOLLY EDGAR (S.B. #341857)
medgar@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendants
United Airlines, Inc. and
United Airlines Holdings, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS NEAL MULLINS, an individual, and JOHN R. SCHOLZ, III, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, a labor organization; TEAMSTERS LOCAL 986, a labor organization; UNITED AIRLINES, INC., a Delaware corporation; and UNITED AIRLINES HOLDINGS, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-03939-EMC<br><br>**DEFENDANT UNITED AIRLINES, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[CIVIL L.R. 7-11 AND 3-12]** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 3-12, Defendant United Airlines, Inc. ("United") submits this Administrative Motion To Consider Whether Cases Should Be Related.

The instant matter (hereinafter, "*Mullins*") should be deemed related to *John R. Scholz, III v. International Brotherhood of Teamsters, et. al.*, 4:25-cv-06543-JST ("*Scholz*"), which was filed on August 4, 2025 and assigned to the Honorable Jon S. Tigar. Civil Local Rule 3-12(a) states that one action is related to another where the two actions "concern substantially the same parties, property, transaction or event" and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Under this rule, *Mullins* and *Scholz* are related.

Pursuant to Civil Local Rule 7-11(a), United's counsel has discussed this matter with counsel for all other parties. The undersigned counsel is authorized to state that Defendants International Brotherhood of Teamsters and Local 986 (the "Union Defendants") agree that the instant action is "related to" the *Scholz* action and should therefore be transferred to District Judge Edward M. Chen. (*See* Declaration of Chris A. Hollinger ("Hollinger Decl.") ¶ 3.) Counsel for Plaintiff John R. Scholz, III, has indicated that she intends to oppose this Motion. (*See id.*)

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Mullins, et al. v. International Brotherhood of Teamsters, et al.*

Plaintiffs Thomas Mullins and John R. Scholz, III, are/were employed by United and represented by the International Brotherhood of Teamsters ("IBT"), the union which represents United's mechanics and related employees, and Local 986, one of IBT's affiliated local unions. (*See* ECF No. 74 ("*Mullins* SAC") ¶¶ 15-18.)

On August 6, 2023, Plaintiffs filed a lawsuit against United, its corporate parent (United Airlines Holdings, Inc. ["UAH"]; collectively, the "United Defendants"), the Union Defendants, and individual union officials. (*See* ECF No. 1.) Plaintiffs' claims arose from United's alleged miscalculation of the appropriate wage adjustments under Letter of Agreement # 29 ("LOA # 29") of the collective bargaining agreement between United and the IBT (the "United-IBT CBA"), and the allegedly-improper manner in which the IBT and United processed plaintiffs'

grievances challenging the wage adjustments.  Plaintiffs' Second Amended Complaint asserted claims for:  (1) breach of the duty of fair representation ("DFR") under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, against the Union Defendants; (2) breach of contract under California law against the Union Defendants; (3) breach of the United-IBT CBA under the RLA against the United Defendants; (4) interference with the Plaintiffs' designated representative under Sections 2, Third, and 2, Fourth, of the RLA, 45 U.S.C. §§ 152 (Third) & (Fourth), against the United Defendants; (5) violation of statutory due process under Section 204 of the RLA, 45 U.S.C. § 184, against all defendants; and (6) fraud under California Civil Code Sections 1709 and 1710 against all defendants.  (*See Mullins* SAC.)

The United Defendants and Union Defendants each filed motions to dismiss Plaintiffs' claims in their entirety.  On March 13, 2025, this Court dismissed all of Plaintiffs' claims with prejudice except their claim for violation of statutory due process under the RLA.  (*See* ECF No. 91 at 35.)  On May 23, 2025, this Court certified its order for interlocutory review with respect to Plaintiffs' statutory due process claim.  (*See* ECF No. 99.)

On July 17, 2025, the Ninth Circuit agreed to hear the following question on interlocutory appeal, pursuant to 28 U.S.C. § 1292(b):  "whether individual airline employees (like Plaintiffs) have a statutory right under 45 U.S.C. § 184, or any other provision of the RLA, to submit grievances to arbitration over the objection of their certified collective bargaining representative where the union is afforded the exclusive right under the applicable CBA to advance grievances to arbitration."  (*See* Joint Pet. for Permission to Appeal at 11, *Mullins, et al. v. Int'l Bhd. of Teamsters, et. al.*, No. 25-3491 (9th Cir. June 2, 2025), Dkt. No. 1.1; Order Granting Joint Pet. for Permission to Appeal (9th Cir. July 17, 2025), Dkt. No. 7.1).)  On July 30, 2025, Plaintiffs filed a Cross-Appeal, seeking review of this Court's March 13, 2025 order dismissing their other claims.  (*See* ECF No. 111 ("Plaintiffs' Notice of Cross-Appeal").)[1]

---

[1] On August 25, 2025, the United Defendants and Union Defendants jointly moved to dismiss Plaintiffs' Cross-Appeal.  (*See* Joint Mot. to Dismiss Cross-Appeal (9th Cir. Aug. 25, 2025), Dkt. No. 6.1).)  However, on September 26, 2025, the Ninth Circuit denied the motion to dismiss, and set a briefing schedule on the parties' appeal and cross-appeal.  (*See* Order Denying Joint Mot. to Dismiss Cross-Appeal (9th Cir. Sept. 26, 2025), Dkt. No. 17.1).)

### B. *Scholz v. International Brotherhood of Teamsters, et al.*

On August 4, 2025, Scholz (represented by the same counsel as plaintiffs' counsel in *Mullins*) filed a lawsuit asserting the following claims: (1) breach of DFR against the Union Defendants; (2) violation of statutory due process under the RLA against United and the Union Defendants; and (3) breach of the CBA against United. (*See generally* Hollinger Decl., Ex. A ("*Scholz* Compl.").) Scholz alleges that, based on "preliminary LOA #29 calculations" he performed in December of 2024, he and other mechanics covered by the United-IBT CBA were entitled to a wage increase, but when Scholz requested that United provide the results of the wage adjustment calculation it had performed, United "refused" to do so. (*See id.* ¶¶ 12-14.) Scholz filed a grievance regarding the 2024 wage adjustment calculation and, after Local 986 processed his grievance through the various steps set forth in the United-IBT CBA, it ultimately withdrew and permanently closed his grievance. (*See id.* ¶¶ 14-19.) Scholz alleges that he requested Local 986 to advance his grievance to the next step in the grievance process (*i.e.*, arbitration before the United-IBT System Board of Adjustment), but Local 986 "refused to do so claiming only Local 986 had the right to process a grievance completely." (*See id.* ¶¶ 18-19.) Similarly, Scholz alleges that he requested United to allow him to continue through the grievance process, and that United allegedly did not respond. (*Id.* ¶¶ 19-20.)

### III. ARGUMENT

#### A. The Two Cases Concern Substantially The Same Parties, Property, Transactions, And Events.

*Mullins* and *Scholz* concern substantially the same parties, property, transactions, and events.

***First***, the plaintiff in the *Scholz* case, John R. Scholz, III, is also one of the two named plaintiffs in *Mullins*. Additionally, the plaintiffs in *Mullins* and the plaintiff in *Scholz* assert their claims on behalf of substantially-overlapping proposed classes, both of which consist of United employees covered by the United-IBT CBA. (*Compare Mullins* SAC ¶ 255 (defining the proposed class as "[a]ll current and former non-exempt hourly workers employed by United Airlines, Inc. in the Technician and Other Related bargaining unit, and based in the United

States . . .") *with Scholz* Compl. ¶ 26 (defining the proposed class as "[a]ll current and former hourly-paid or non-exempt employees who were employed by United Airlines, Inc. as a non-exempt hourly wage Technician or Other Related employee during the relevant time period who are, or have been, a Teamster member, Local 986 member . . .").)

***Second***, the defendants in both actions are substantially the same, and the key defendants are identical: namely, the plaintiffs' employer (United) and their union (the IBT, including its constituent Local 986). (*See Mullins* SAC ¶¶ 1, 15-22 (naming United, UAH, IBT and Local 986 as defendants); *Scholz* Compl. ¶¶ 1, 5-8 (naming United, IBT, and Local 986 as defendants).)

***Third***, both actions are squarely predicated on substantially-similar alleged misconduct by the defendants—i.e., United's alleged miscalculation of the appropriate wage adjustments under LOA # 29, including its alleged failure to produce certain back-up documentation in support of the wage adjustments, and the allegedly-improper manner in which the IBT and United processed plaintiffs' related grievances. (*See* ECF No. 91, at pp. 2-8; *Scholz* Compl. ¶¶ 11-21.) The only difference is that the *Mullins* SAC concerns the alleged miscalculations performed in 2022 and the resulting grievances (*see* ECF No. 91, at pp. 7-8), whereas the *Scholz* complaint concerns United's alleged failure to perform and report a wage adjustment calculation in 2024 and the resulting grievance (*see* Scholz Compl. ¶¶ 13-21). Although they focus on different time frames, in terms of the factual allegations, the *Scholz* Complaint is a near copy-cat of the *Mullins* SAC.

***Fourth***, there is substantial overlap in the causes of action asserted in the two lawsuits. Each case included (or includes) claims against United for alleged breach of the United-IBT CBA and against all defendants for alleged violation of plaintiffs' due process rights under the RLA. Additionally, each case included (or includes) a claim against the IBT for breach of DFR.

**B.  Relating The Two Cases Will Avoid Duplication Of Labor And Expense, And Reduce The Potential For Conflicting Results.**

Given the substantial similarities between the *Scholz* and *Mullins* actions, there will likely be an unduly burdensome duplication of labor and expense, as well as the possibility of conflicting results, if a different judge were to preside over *Scholz*.

This Court has presided over the *Mullins* case for nearly two years and is familiar with the

- 4 -

MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED
NO. 3:23-CV-03939-EMC

*Mullins* plaintiffs' claims and the procedural landscape. This Court also has already invested the substantial time and effort necessary to adjudicate two rounds of motions to dismiss involving application of the same controlling legal principles to essentially the same set of alleged facts that are at issue in *Scholz*—namely, the requirements to maintain a claim for breach of DFR against a union where the claim is based on the union's exercise of its judgment and the requirements to maintain a claim for breach of CBA against an airline in federal court (in lieu of the generally-exclusive jurisdiction of the internal employer-union grievance procedure). (*See* ECF No. 59 (Order re Mots. to Dismiss Compl. (Feb. 7, 2024), at pp. 14-24, 26-35; ECF No. 91, at pp. 10-26.) There is no need for another District Judge to reinvent the wheel and spend time becoming expert in issues and a procedural history with which District Judge Chen is already intimately familiar.

Moreover, the Ninth Circuit's ultimate decision on the parties' pending appeals in the *Mullins* case is likely to impact the outcome of plaintiff's claims in the *Scholz* case. **First**, the Ninth Circuit's ruling in *Mullins* regarding airline employee rights to arbitration under the RLA will determine whether the plaintiff in *Scholz* can maintain his RLA due process claim. **Second**, in the event the Ninth Circuit were to reverse District Judge Chen's order dismissing the *Mullins* plaintiffs' claims for breach of DFR and breach of CBA, those claims would be remanded back to Judge Chen for discovery and class certification motion practice. Given the near-identical factual allegations underlying the breach of DFR and breach of CBA claims and the similar proposed class definitions in the two cases, there would necessarily be significant overlap with respect to the evidence that would be required in each of the two cases and, therefore, the discovery which would be sought by the parties. Based on the intertwined nature of the two cases, there would likely be an unduly burdensome duplication of labor and expenses if these cases were to proceed on the merits before two different judges.

## IV.  CONCLUSION

For the above reasons, United submits that the instant action is "related to" the *Scholz* action within the meaning of Civil Local Rule 3-12(a) and respectfully requests that the *Scholz* action be transferred to District Judge Edward Chen, the judge assigned to the lower-numbered case.

Dated: October 2, 2025.

Respectfully submitted,

O'MELVENY & MYERS LLP

CHRIS A. HOLLINGER
ADAM P. KOHSWEENEY
MOLLY EDGAR


By: */s/ Chris A. Hollinger*
    Chris A. Hollinger

Attorneys for Defendants
United Airlines, Inc. and
United Airlines Holdings, Inc.